# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SERGIO RAMIREZ,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT et al.,

    Defendants.

2:09-CV-98 JCM (RJJ)

## ORDER

Presently before the court is specially appearing defendant ALS Technologies Inc.'s (hereinafter "ALS") motion to reconsider the order granting leave to amend. (Doc. #78, regarding doc. #61). Plaintiff filed an opposition. (Doc. #80). Defendant filed a reply. (Doc. #82).

Also before the court is defendant ALS's motion to stay. (Doc. #95). Plaintiff has not filed an opposition.

In January of 2009, Plaintiff Sergio Ramirez filed his complaint against multiple individual defendants, the Las Vegas Metropolitan Police Department, Naphcare, Inc., and unknown health care providers. Plaintiff, an inmate at the Clark County Detention Center at the time of the incident, alleges defendants wrongfully injured him injury by throwing a flash grenade in his cell during an extraction procedure. Plaintiff was not fully clothed, and the explosion burned his body. Plaintiff maintains that after being forcefully and wrongfully extracted from his cell, defendants insufficiently treated plaintiff's wounds and failed to adequately question him concerning the extent of his injuries. Plaintiff alleges that defendants thereafter stripped him of his clothing and placed him in isolation

**James C. Mahan**
**U.S. District Judge**

for four days. By the end of his confinement plaintiff's injuries had significantly worsened, and plaintiff was then treated by a physician.

Parties stipulated to extend discovery twice. (Docs. #39 & #55). The second stipulation, granted in March of 2010 as a scheduling order, specified that the deadline to add parties or amend pleadings had passed, and that the anticipated date for completion of discovery was May 2010. Despite the stipulation, in April 2010 – fifteen months after this case was filed – plaintiff moved to further amend his complaint to extend discovery and add ALS Technologies, Inc., the flash grenade manufacturer, as an additional defendant. (Doc. # 57). Plaintiff maintains his right to amend after a deponent noted that he believed the flash grenade malfunctioned. Plaintiff asserts he had no knowledge of ALS's possible liability before this time, nor any reason to suspect the grenade may have malfunctioned.

Defendants filed a limited opposition to the motion to extend discovery, but did not address the addition of ALS. (Doc. #60). On May 26, 2010, this court, viewing the motion as unopposed, granted leave to amend its complaint to add ALS to the action. (Doc. #61). On June 11, 2010, the magistrate judge denied plaintiff's motion to extend discovery. (Doc. #63). On June 15, 2010, plaintiff filed his amended complaint, naming ALS as a defendant. (Doc #64). Summons were issued to defendant ALS on July 13, 2010. (Doc. #74). Defendant ALS filed its motion to reconsider the motion to amend on July 27, 2010. (Doc. #78). Plaintiff moved to extend discovery on August 12, 2010. (Doc. #79). On September 20, 2010, Magistrate Judge Johnston granted plaintiff's motion to extend discovery. (Doc. #91).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) [becomes aware of] an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

Here, in responding to plaintiff's motion to amend and add parties, defendants' limited opposition failed to alert this court to the second stipulation and the parties' agreement that the deadline to add parties had passed. In light of this stipulation, to allow plaintiff to amend his

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  complaint, add a party, and subsequently extend discovery, is manifestly unjust to all defendants.

2  Under these facts, the magistrate judge's order granting an extension of discovery is also
3  unjust. Plaintiff attempted several times to obtain further discovery time. The magistrate judge
4  granted plaintiff's latest motion to extend discovery only after plaintiff filed his amended complaint.
5  Specifically, four days before plaintiff filed his amended complaint, the magistrate judge denied
6  plaintiff's earlier motion to extend discovery. Thus, plaintiff received an extension of discovery in
7  direct response to the fact that he amended his complaint to add another defendant to the action.
8  Where this court overturns the order granting leave to amend, it also overturns the order granting
9  extended discovery.

10  Accordingly,

11  IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant ALS's motion
12  to reconsider the order granting the motion for leave to amend (Doc. #78) be, and the same hereby
13  is, GRANTED.

14  IT IS FURTHER ORDERED that the order granting the motion for leave to amend (Doc.
15  #61) be, and the same hereby is, VACATED.

16  IT IS ALSO ORDERED that the order granting plaintiff's motion to extend discovery and
17  other deadlines (Doc. #91) be, and the same hereby is, VACATED.

18  IT IS FURTHER ORDERED that defendant ALS's motion to stay (Doc. #95) be, and the
19  same hereby is, DENIED as moot.

20  DATED October 22, 2010.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**