# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SERGIO RAMIREZ,

        Plaintiff,

v.

CLARK COUNTY, et al.,

        Defendants.

2:09-CV-98 JCM (RJJ)

## ORDER

Presently before the court is defendants Las Vegas Metropolitan Police Department, Sgt. K. Wooten, Sgt. D. Aspiazu, Ofc. D. O'Barr, Ofc. R. Adams, Ofc. W. Hampson, Ofc. H. Rodriguez, Ofc. P. Torres, and Ofc. J. Rangel's (hereinafter "LVMPD defendants") motion for summary judgment. (Doc. # 108). Plaintiff Sergio Ramirez filed an opposition. (Doc. # 114). Defendants filed a reply. (Doc. # 116).

Plaintiff Ramirez' complaint stems from an incident during the extraction and transfer of Ramirez from his cell on November 21, 2008. Ramirez was allegedly intentionally or negligently injured by LVMPD defendants when they utilized a flash bang device during the extraction. They then proceeded to use an allegedly uncomfortable "chicken wing" technique to move Ramirez before strapping him into a restraint chair with a spit mask over his head. Ramirez alleges such means were unnecessary, against Clark County Detention Center (CCDC) policy, and unconstitutional. Ramirez asserts seven claims for relief: (1) violations of civil rights to life and security of persons under 42

**James C. Mahan**
**U.S. District Judge**

U.S.C. § 1983; (2) municipal liability under 42 U.S.C. § 1983; (3) failure to train and supervise under 42 U.S.C. § 1983; (4) conspiracy under 42 U.S.C. § 1983, 1985; (5) negligence; (6) negligent supervision and training; and (7) intentional infliction of emotional distress.

**I.      MOTION FOR SUMMARY JUDGMENT (Doc. # 108)**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©.  The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

**A.      First Claim for Relief – Violations of Civil Rights to Life and Security of Persons – 42 U.S.C. § 1983**

To make out a prima facie case under § 1983, a plaintiff must show (1) defendant acted under color of law, and (2) defendant deprived the plaintiff of a constitutional right. *See Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1989). There is no dispute that defendants acted under color of law. The plaintiff asserts that the defendants violated his civil rights by the use of excessive force during the extraction, claiming that it amounted to unwarranted punishment. (Doc. # 1).

*1.      Constitutionality*

Punishment of a pretrial detainee is analyzed under the due process clause of the Fourteenth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 (1977). In order to prevail, the plaintiff must show that the defendants acted with "deliberate indifference." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991). There are two prongs to the deliberate indifference test: (1) whether plaintiff was confined under conditions posing a "substantial risk of serious harm" and (2) whether the officers were deliberately indifferent to that risk. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). It "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing

harm.'" *Whitley v. Albers*, 475 U.S. 312, 320-21 (1985). The deliberate indifference standard is met where the conduct "is so wanton and reckless with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *See Redman*, 942 F.2d at 1443 (*citing Whitley*, 475 U.S. 312). Such a standard "does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice." *Whitley*, 475 U.S. at 322.

The proper standard with respect to pretrial detainees, is to determine whether the conditions to which the plaintiff/inmate was subjected amounted to *punishment* so as to violate the detainee's due process rights, or whether the conditions served a legitimate governmental purpose in ensuring the safety and security of the facility. *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). If a particular condition or restriction of pretrial detention is reasonably related to the institution's interest in maintaining jail security, it does not, without more, amount to punishment. *Id.* at 547. Within the prison context, the Supreme Court ruled the due process clause is not violated so long as the government conduct is not "repugnant to the conscience of mankind." *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947). Courts must accord prison administrators wide-ranging deference in the adoption and execution of policies and practices to further institutional order and security. *See Jeffers v. Gomez*, 240 F.3d 845, 859-60 (9th Cir. 2001).

Here, to take the facts in the light most favorable to the plaintiff, it would be said that Sgt. Wooten used the flash bang against established policy, and that the extraction team proceeded with deliberate indifference as to the injuries that had occurred as consequence of the device's deployment. There is no evidence that the flash bang device itself was used with the intent to injure the plaintiff in a manner "repugnant to the conscience of mankind," or suggesting the device was deployed with recklessness "tantamount to a knowing willingness that it occur." There is no testimony of previous injuries caused by such a device. Further, during their training, the officers walk over and through the exploding device without injury. (Wooten Aff., Doc. # 108, Ex. B at ¶ 46). It is unreasonable to suspect that Sgt. Wooten deployed the device with deliberate indifference to a "substantial risk of serious harm," because there is no evidence he has ever known it to cause

1  harm. Moreover, the flash bang is generally intended as a safety precaution (Wooten Aff. at ¶ 45),
2  which makes it "reasonably related to the institution's interest in maintaining jail security."
3  Therefore, its use cannot be considered punishment in violation of the Fourteenth Amendment.

4  Once the injuries had occurred, however, there is a question of fact as to whether the officers
5  acted with deliberate indifference toward causing Ramirez further pain. Although there is no
6  allegation or evidence that the "chicken wing" transport method or application of the spit mask
7  caused anything beyond discomfort (doc. # 114), there is video evidence that the officers placed
8  straps over the exposed wound of Ramirez while securing him to a transport chair, causing him
9  obvious pain. (Video of Extraction, Doc. # 108, Ex. J).

10  The subjective state of mind of the officers can be implied from the fact that risk of harm is
11  obvious. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). There is deposition testimony from one
12  of the defendant officers that the use of the restraint chair was unnecessary. (Aspiazu Dep., Doc. #
13  114, Ex. 3). Once the wounds were treated and the officers were obviously aware of their existence,
14  the restraint chair was utilized a second time. Defendants assert that "[b]ecause of Ramirez' potential
15  for violence, Sgt. Wooten concluded that the restraint chair was the best method to transport
16  Ramirez." (Doc. # 116). The resolution of this factual discrepancy is not fit for summary judgment,
17  because credibility determinations, weighing of evidence, and drawing of legitimate inferences from
18  the facts fall under the purview of the jury's role as fact-finder. *See Anderson v. Liberty Lobby, Inc.*,
19  477 U.S. 242, 242 (1986).

20  *2.    Qualified Immunity*

21  Even if it is determined that the defendants acted unconstitutionally, their actions may fall
22  under qualified immunity if the constitutional right violated was not clearly established at the time.
23  *See Saucier v. Katz*, 533 U.S. 194, 205 (2001). This is not the case here. It is clearly established that
24  actions taken in bad faith for the purpose of punishing pretrial detainees are unconstitutional. *See*
25  *Bell*, 441 U.S. 520; *Whitley*, 475 U.S. 312. Therefore, if it is determined that the defendants violated
26  Ramirez's constitutional rights, they would not be afforded qualified immunity.

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

### B. Second Claim for Relief – Municipal Liability – 42 U.S.C. § 1983

In order to prove municipal liability under § 1983, Ramirez must show: (1) a violation of Ramirez' constitutional rights; (2) the defendants acted under color of law; (3) the action was taken pursuant to a plan, policy, or custom of the entity; and (4) the policy or custom was the actual cause or moving force behind the alleged deprivation. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-70 (1978). "[A] municipality cannot be held liable [under § 1983] *solely* ... on a *respondeat superior* theory." *Id.* at 691 (emphasis in original). "Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A single incident is not enough to establish an unconstitutional policy. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1987).

Here, there is no evidence that the allegedly unconstitutional actions were "taken pursuant to a plan, policy, or custom of the entity." The plaintiff himself alleges that these actions were taken *against* CCDC policy. (Doc. # 114). Therefore, there can be no municipal liability under § 1983, and summary judgment is warranted.

### C. Third Claim for Relief – Failure to Train or Supervise – 42 U.S.C. § 1983

"Municipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations. . . ." *Canton v. Harris*, 489 U.S. 378, 397 (1989). "[F]or liability to attach in this circumstance[,] the identified deficiency in a city's training program must be closely related to the ultimate injury." *Id.* at 391.

Here, the plaintiff offers only conclusory statements that CCDC's training and supervision were deficient. (Doc. # 114). The plaintiff merely alleges the defendants' actions could not have occurred "but for" a failure to train and/or supervise. This type of reasoning has been rejected by the courts so as to avoid a strict *respondeat superior* liability for municipal entities. *See Canton*, 489 U.S. at 387 ("Nor, without more, would a city automatically be liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner, for then liability would rest on *respondeat superior*."); *see also Id.* at 393 (O'Connor, J. concurring in part) ("I further agree that a § 1983 plaintiff pressing a 'failure to train' claim must prove that the lack of training was the

1  'cause' of the constitutional injury at issue and that this entails more than showing simply 'but for'
2  causation."). Accordingly, summary judgment in defendants' favor on the plaintiff's § 1983 claim
3  for failure to train or supervise is warranted.

###    D.    Fourth Claim for Relief – Conspiracy – 42 U.S.C. § 1983, 1985

In order to prove a claim for civil conspiracy, a plaintiff must demonstrate "the existence of an agreement or meeting of the minds to violate constitutional rights." *Mendocino Env. Ctr. v. Mendocino County*, 92 F.3d 1283, 1301 (9th Cir. 1999). Conclusory allegations are insufficient to state a claim for conspiracy under § 1983. *Simmons v. Sacramento Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Here, there are insufficient allegations of a conspiracy. The plaintiff asserts that the defendants must have conspired to cover up the incident because no one reported the incident. This is unsupported by evidence, as the defendants were willing to turn over the video of the incident as soon as it was requested. It is plausible the officers did not report the incident because they did not find the incident to be worthy of reporting. Conduct that is consistent with both conspiracy and non-conspiracy is insufficient as evidence. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Therefore, summary judgment is appropriate on the plaintiff's fourth claim for relief.

###    E.    Fifth Claim for Relief – Negligence

Defendants assert that they are immune from suit, and that summary judgment should be granted on plaintiff's claim of negligence. Pursuant to NRS 41.032, "no action may be brought ... which is ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the [s]tate or any of its agencies or political subdivisions or of any officer, employee, or immune contractor of any of these, whether or not the discretion involved is abused." Nevada looks to the Federal Tort Claims Act for guidance on what type of conduct is protected by discretionary immunity. *See Martinez v. Maruszczak*, 168 P.3d 720, 727 (Nev. 2007)**.**

"[T]o fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic,

**James C. Mahan
U.S. District Judge**

- 6 -

or political policy.**"** *Id.* at 446-47; *see also Nguyen v. State*, 788 P.2d 962, 964-65 (Okla. 1990) (noting that the majority of states applying the FTCA framework find discretional immunity applies to decisions made in the planning and initial policy process, but not in "operational level decisions made in the performance of policy"); *Terwilliger v. Hennepin County*, 561 N.W.2d 909, 912 (Minn. 1997) (finding that immunity does not apply to "[o]perational level decisions ... [that] involve decisions relating to the ordinary day-to-day operations of government").

Here, defendants would be immune from suit for the decision to perform the extraction. However, they would not be immune for actions taken during the execution of the extraction itself, which amount to "decisions relating to the ordinary day-to-day operations of government." It is a triable issue of fact whether the defendants actions during the extraction constitute negligence. Thus, summary judgment is not appropriate.

**F.    Sixth Claim for Relief – Negligent Supervision and Training**

Defendants are immune from suit pursuant to NRS 41.032 for their supervision and training. As previously stated, Nevada looks to the Federal Tort Claims Act for guidance on what type of conduct is protected by discretionary immunity. *See Martinez,* 168 P.3d at 727. "[D]ecisions relating to hiring, training, and supervision of employees usually involve policy judgments of the type congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000).

Here, plaintiff is claiming negligent hiring, training, and supervision. As these functions are usually considered discretionary functions, and there is no reason to depart from such an interpretation in this case, the plaintiff's sixth claim for relief is barred by NRS 41.032.

**G.    Seventh Claim for Relief – Intentional Infliction of Emotional Distress**

Intentional infliction of emotional distress requires that: (1) the defendants' conduct was extreme and outrageous; (2) the defendants either intended or recklessly disregarded the causing of distress; (3) there was actual severe or extreme emotional distress suffered by the plaintiff; and (4) the defendants' conduct actually caused the distress. *Nelson v. City of Las Vegas*, 99 Nev. 548, 554 (1983).

**James C. Mahan
U.S. District Judge**

- 7 -

Here, the question of whether the defendants' actions were extreme and outrageous cannot be decided as a matter of law, and is best left to a jury. Determinations of causation, intent, and whether there was actual emotional distress suffered by the plaintiff are also fit for a jury's review. *See Anderson*, 477 U.S. at 242 (finding that credibility determinations, weighing of evidence, and drawing of legitimate inferences from the facts fall under the purview of the jury's role as fact-finder). Therefore, summary judgment on this issue cannot be granted at this time.

Accordingly,

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED that defendants Las Vegas Metropolitan Police Department, Sgt. K. Wooten, Sgt. D. Aspiazu, Ofc. D. O'Barr, Ofc. R. Adams, Ofc. W. Hampson, Ofc. H. Rodriguez, Ofc. P. Torres, and Ofc. J. Rangel's motion for summary judgment (Doc. # 108) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS THEREFORE ORDERED that summary judgement be, and the same hereby is, GRANTED on the plaintiff's second, third, fourth, and sixth claims for relief.

DATED July 22, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**