1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SERGIO RAMIREZ,

                    Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT et al.,

                    Defendants.

2:09-CV-98 JCM (RJJ)

**ORDER**

Presently before the court are the parties' motions in limine regarding various evidentiary and legal issues.  (Docs. #123, #124, #125, #126, #128, #130, #142, #143, and #144).

Several of these motions in limine were filed by defendants NaphCare and Daryl Lauron. (Docs. #125, #126, #128, and #130).  Defendant Las Vegas Metropolitan Police Department and the individual defendants Kenyata Wooten, David Aspiazu, Darren O'Barr, Russell Adams, William Hampson, Hugo Rodriguez, Pablo Torres, and Jorge Rangle (collectively "LVMPD"), joined in these motions.  (Docs. #136, #137, #139, and #140).  NaphCare and Lauron have apparently settled with plaintiff and withdrawn their motions in limine.  (Doc. #153).  Nevertheless, the above-enumerated motions in limine remain pending pursuant to LVMPD's joinders.  (Doc. #153).

I.    **LVMPD's motion in limine to exclude police practices expert Daniel Vasquez (Doc. #123)**

LVMPD wants to exclude Mr. Vasquez's expert testimony.  Mr. Vasquez's expert report states that LVMPD acted unconstitutionally by: (1) entering plaintiff's cell; (2) using a flash-bang

**James C. Mahan**
**U.S. District Judge**

1   device; and (3) escorting plaintiff out of the cell using a "chicken wing hold." (Doc. #123).  LVMPD

2   asserts that this court's July 22, 2011, summary judgment order disposed of the three issues

3   addressed in this expert report, and left only the issue of whether the use of restraints and a transport

4   chair were unconstitutional.  Mr. Vasquez's report never mentions the use of the restraint chair or

5   its straps.  Thus, Mr. Vasquez's testimony should be excluded because it does not address any issue

6   for trial.

7        The court grants LVMPD's motion in limine because the content of Mr. Vasquez's expert

8   testimony is not relevant to the issues for trial.  Similarly, LVMPD's police practices expert will not

9   be permitted to testify if the testimony does not include an opinion about the use of the restraint

10  chair.

11  **II.      LVMPD's motion in limine to allow evidence of plaintiff's past criminal history and**

12  **other bad acts (Doc. #124)**

13       This motion in limine seeks an order from the court affirmatively allowing the following facts

14  into evidence at the trial: (1) plaintiff's criminal history, (2) plaintiff's claim that he stabbed a

15  California prison guard, (3) plaintiff's gang membership, (4) plaintiff's written threats made to Clark

16  County Detention Center ("CCDC") officers, and (4) plaintiff's verbal threats against CCDC

17  officers.  (Doc. #124).  Plaintiff filed an opposition to the motion.  (Doc. #147).

18       LVMPD argues that this evidence is relevant because it was all known to the extracting

19  officers at the time of the extraction.  Therefore, the extracting officers relied on this knowledge

20  when planning the cell extraction and taking the actions that they took.  (Doc. #124).  LVMPD

21  further argues that this evidence is relevant because it demonstrated to the extracting officers that

22  plaintiff was willing to commit close, hand-to-hand acts of physical violence.

23       The court grants this motion in limine.  This evidence is not being used to prove the truth of

24  the matter asserted (i.e., that plaintiff is a violent individual), but rather, it is used to establish what

25  information the extracting officers had about plaintiff while they were planning the extraction.  This

26  is relevant, non-hearsay evidence, and it is presumptively admissible.

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Further, the following statements by plaintiff are all an opposing party's statement pursuant

2    to Federal Rule of Evidence 801(d)(2)(A): (1) plaintiff's written threats to CCDC officers, (2)

3    plaintiff's verbal threats to CCDC officers, and (3) plaintiff's statement that he stabbed a prison

4    guard in California.  Therefore, LVMPD can utilize this evidence.

5    **III.    Defendants' motion in limine to preclude evidence of economic damages and any claim**

6    **for economic damages (Doc. #125)**

7    This motion in limine seeks to "exclude any and all evidence regarding economic damages

8    as plaintiff has admitted that he is not making a claim for either lost income or lost earnings capacity.

9    Further the . . . defendants seek to preclude plaintiff from making a claim for economic damages at

10   the trial for this matter."  (Doc. #125).

11   Plaintiff filed a non-opposition to LVMPD's joinder.  Plaintiff states that he "is not seeking

12   compensation for economic damages in this case."  (Doc. #155).  As plaintiff does not oppose this

13   motion, it is hereby granted.

14   **IV.    LVMPD's motion in limine to exclude testimony from Ivan L. Goldsmith, M.D. (Doc.**

15   **#126)**

16   LVMPD argues that plaintiff's designated medical expert, Dr. Ivan L. Goldsmith, should be

17   precluded from testifying at trial because the expert witness disclosure was deficient.  LVMPD

18   contends that because the expert report fails to identify past cases in which Dr. Goldsmith testified

19   as an expert or include a schedule of fees that Dr. Goldsmith charges for expert testimony,[1] it does

20   not comply with Fed. R. Civ. P. 26(a)(2)(B), and Dr. Goldsmith's testimony is therefore excludable

21   pursuant to Fed. R. Civ. P. 37(c)(1).

22   LVMPD's motion in limine to exclude testimony from Dr. Goldsmith is denied.  Plaintiff

23   provided the expert report to LVMPD over two years before the trial was scheduled to commence.

24   Further, the report was furnished to LVMPD nearly four months *before* Dr. Goldsmith's deposition.

25   Accordingly, LVMPD had more than ample opportunity to investigate Dr. Goldsmith's previous

26   expert engagements, as well as his customary compensation structure prior to the trial.  Furthermore,

27   _____

28   [1] This information has since been supplied to LVMPD.  *See* Doc. #154, Exs. 1-2.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    because LVMPD was provided with the substance of Dr. Goldsmith's opinion, as well as the facts

2    upon which the opinion was based, it has been apprised of the relevant substance of the expert

3    testimony, and therefore plaintiff has satisfied the spirit of Rule 26(a).

4          LVMPD had sufficient opportunity to prepare its case and investigate the background,

5    conclusions, and methodology of Dr. Goldsmith.  Accordingly, plaintiff's failure to timely provide

6    the contested information was harmless and the motion in limine is denied.

7    **V.    LVMPD's motion in limine to preclude plaintiff's medical expert from offering**

8    **opinions not contained in his expert report or offered at his deposition (Doc. #128)**

9          LVMPD requests an order precluding Dr. Goldsmith from offering any new opinion which

10   was not previously disclosed either through Dr. Goldsmith's expert report or deposition testimony.

11   LVMPD cites its previous Rule 26(a)(2)(B) arguments, contending that because the rule requires a

12   report disclosing "a complete statement of all opinions the witness will express and the basis and

13   reasons for them" as well as "the facts or data considered by the witness in forming" the opinions,

14   Dr. Goldsmith's testimony must be limited to the previously disclosed opinions.  LVMPD asserts

15   that enabling Dr. Goldsmith to testify as to new opinions would prejudice LVMPD as it would

16   constitute undue surprise.

17         Plaintiff does not dispute that Dr. Goldsmith is barred from testifying as to new opinions.

18   The motion is granted.

19   **VI.   LVMPD's motion in limine to preclude plaintiff and other lay witnesses from offering**

20   **medical conclusions (Doc. #130)**

21         This motion in limine seeks to prevent plaintiff from "offering conclusions about the nature

22   and severity of any claimed injuries and his diagnosis, for both his past and current medical

23   condition." (Doc. #130).  Therefore, plaintiff should be "precluded from offering any testimony that

24   his wound was 'infected,' or that his scarring was 'permanent' in nature.  It would further preclude

25   him from offering any speculative testimony regarding the injuries that he might have sustained had

26   he been provided different medical treatment."  (Doc. #130).  The preclusion of testimony about

27   medical conclusions should also apply to other lay witnesses.  (Doc. #130).

28

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff and other lay witnesses may not testify that the wound was infected or that he

2    suffered permanent scarring.  Plaintiff and other lay witnesses are not qualified to offer these medical

3    conclusions. Fed. R. Evid. 702.  Plaintiff and other lay witnesses may testify, based on their personal

4    knowledge, about the appearance of the wound and scarring.  *See* Fed. R. Evid. 701.

5    **VII.    LVMPD's motion in limine to establish material facts (Doc. #142)**

6    Pursuant to Federal Rule of Civil Procedure 56(g), LVMPD moves to establish material facts

7    based on this court's July 22, 2011, summary judgment order.  (Doc. #117).  Specifically, LVMPD

8    requests an order precluding plaintiff from producing any evidence, argument, expert testimony or

9    opinion contrary to the following 9 assertions:

10       (1)    The LVMPD defendants had the legal right to extract plaintiff from the cell;

11       (2)    The LVMPD defendants had a legal right to use the "flash-bang" device

12              during the SERT extraction;

13       (3)    Sgt. Wooten did not act with "deliberate indifference" when he decided to

14              use the "flash-bang" device;

15       (4)    The use of the "flash-bang" device was "reasonably related to the institution's

16              interest in maintaining jail security;

17       (5)    It was legal to extract plaintiff from the cell through use of the "chicken

18              wing" transport method;

19       (6)    It was legal to use a "spit mask" while transporting plaintiff;

20       (7)    There is no evidence that LVMPD's policies or procedures are

21              unconstitutional;

22       (8)    There is no evidence that LVMPD fails to properly train or supervise its

23              officers; and

24       (9)    There is no evidence of a civil conspiracy

25    (Doc. #142).

26    Plaintiff objects to LVMPD's characterization in propositions #2, #3, #4, #5, and #6.  (Doc.

27    #148).

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

The court held as follows in its summary judgment order:

> It is unreasonable to suspect that Sgt. Wooten deployed the [flash-bang] device with deliberate indifference to a "substantial risk of serious harm," because there is no evidence he has ever known it to cause harm. Moreover, the flash bang is generally intended as a safety precaution (Wooten Aff. at ¶ 45), which makes it "reasonably related to the institution's interest in maintaining jail security." Therefore, its use cannot be considered punishment in violation of the Fourteenth Amendment.
> Once the injuries had occurred, however, there is a question of fact as to whether the officers acted with deliberate indifference toward causing Ramirez further pain. Although there is no allegation or evidence that the "chicken wing" transport method or application of the spit mask caused anything beyond discomfort (doc. # 114), there is video evidence that the officers placed straps over the exposed wound of Ramirez while securing him to a transport chair, causing him obvious pain. (Video of Extraction, Doc. # 108, Ex. J).

(Doc. #117).

The court grants LVMPD's motion. As this court has previously held, the use of the flash-bang device "cannot be considered punishment in violation of the Fourteenth Amendment." (Doc. #117). Further, as this court held in its summary judgment order, plaintiff has failed to produce any evidence to support a finding that there is a genuine issue of material fact that the the chicken wing transport method or application of the spit mask "caused anything beyond discomfort." (Doc. #117). As plaintiff has not provided any legal support for the contention that mere discomfort amounts to a violation of a detainee's Fourteenth Amendment rights, LVMPD's use of the "chicken wing" transport method and "spit mask" are no longer at issue.

## VIII.   Plaintiff's motion to preclude pejorative, provocative, and/or inflammatory language in reference to plaintiff (Doc. #143)

Plaintiff has filed this motion in limine seeking to preclude LVMPD from using any pejorative, provocative, and/or inflammatory language in reference to plaintiff. Plaintiff argues that any such language is unfairly prejudicial, in light of the fact that "plaintiff will have to overcome preconceived prejudices stemming from his current incarceration from the outset of these proceedings."

Plaintiff's motion in limine is denied. With regards to labels concerning plaintiff's criminal history, it is beyond dispute that plaintiff committed the crime of murder. Evidence of the murder is relevant because the jury will need to know why the plaintiff was incarcerated in the first place

1    and it also sheds light on what, if any, extra security measures were required to extract plaintiff from

2    his cell.  *See* Fed. R. Evid. 401.

3        Plaintiff's gang membership is also relevant as it sheds light on plaintiff's propensity for

4    violence or why LVMPD officers would need to take extra precautions when extracting defendant

5    from his cell.  *See* Fed. R. Evid. 401.  Though this evidence may lead to an inference regarding

6    plaintiff's character, it is not being used to prove conformity therewith, and therefore not

7    impermissible character evidence.  *See* Fed. R. Evid. 404(a)(1).

8        Furthermore, the court notes that plaintiff has himself used the very words he now complains

9    of to describe himself.  Lastly, this court is concerned that enforcement of an order limiting the

10    adjectives used to describe gang membership and/or affiliation will prove unduly burdensome and

11    interrupt the flow of witness testimony and the admissibility of highly relevant exhibits.

12    **IX.    Plaintiff's motion to preclude LVMPD employees and other lay witnesses from offering**

13        **expert testimony regarding gang habits and culture (Doc. #144)**

14        Plaintiff seeks an order precluding LVMPD employees and correctional officers from

15    offering any testimony regarding "the habits and culture of gangs; explaining different types of

16    gangs; identifying the names of different gangs; conduct attributed to a particular gang; levels of

17    affiliation within a new gang; how gang members are recruited; or any other gang related testimony

18    that would otherwise require scientific, technical, or specialized knowledge."  Mot. 2:21-24.

19    Plaintiff argues that it is foreseeable that LVMPD may attempt to elicit such testimony from its

20    employees or the individual defendants to justify its use of force.  Because LVMPD has not

21    designated any gang expert, plaintiff seeks an order precluding any expert testimony by an

22    unqualified lay witness on the topic of gangs.

23        The court denies this motion.  First, the officers that LVMPD may call to testify on the issue

24    were not required to submit expert designations or reports pursuant to Rule 26(a), because they were

25    neither retained as experts, nor do their job duties require them to regularly give expert testimony.

26    *See* Fed. R. Civ. P. 26(a)(2)(B).  Witnesses that are not required to provide a report under Rule 26(a)

27    "may both testify as a fact witness, and also provide expert testimony under Evidence Rule 702, 703

28

**James C. Mahan**
**U.S. District Judge**

1  or 705." 2010 Advisory Committee Notes.[2]  Accordingly, the officers may testify at trial regarding

2  gangs, even if such testimony is considered "expert testimony."

3       Further, to the extent the witnesses are testifying as percipient witnesses, regarding their job

4  duties and interactions with plaintiff, the testimony is admissible because it is based on personal

5  observations, or knowledge that is neither scientific, technical, or specialized. *See* Fed. R. Evid. 701.

6  Thus in this context, the opinions proper lay opinions and not within the scope of the expert witness

7  rules.

8       IT IS SO ORDERED.

9       DATED March 9, 2012.

10

11  _____
   **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19      [2] These Advisory Committee Notes were added in 2010 with the addition of Rule 26(a)(2)(C)

20  which provides, "Unless otherwise stipulated or ordered by the court, if the witness is not required
   to provide a written report, [the Rule 26(a)] disclosure must state: (i) the subject matter on which the

21  witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the

22  witness is expected to testify."

23      The Advisory Committee explained that "This amendment resolves a tension that has

24  sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted
   from the report requirement.  An (a)(2)(B) report is required only from an expert described in

25  (a)(2)(B)." It then went on to explain that witnesses who are not required to provide a Rule 26(a)
   report may testify both as a fact witness and expert witness.

26

27      The Rule 26(a)(2)(C) reporting requirement does not apply to LVMPD, however, because
   expert disclosures in the instant case were due in January, 2010, but the amendment did not take

28  effect until December, 2010.

**James C. Mahan**
**U.S. District Judge**